**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UPAID SYSTEMS, LTD., ) | |
| a British Virgin Island corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. 1:08-MC-00392** |
| v. ) | |
| ) | |
| SATYAM COMPUTER SERVICES, LTD., ) | |
| an Indian corporation, and ) | |
| RAGHURAM GOVINDACHARYULA ) | |
| ) | |
| Defendants. ) | |

NOTICE OF WITHDRAWAL WITHOUT PREJUDICE OF UPAID SYSTEMS, LTD.'S
AND STAAS & HALSEY LLP'S MOTION TO QUASH, OR IN THE ALTERNATIVE,
MODIFY SUBPOENA AND
REQUEST FOR PROTECTIVE ORDER

COME NOW Plaintiff Upaid Systems, Ltd. ("Upaid") and Non-Party Staas & Halsey LLP

("Staas & Halsey") (jointly referred to as "Movants") and file this Notice of Withdrawal Without

Prejudice of Upaid's and Staas & Halsey's Motion to Quash, or in the alternative, Modify

Subpoena and Request for Protective Order.

## I.      WITHDRAWAL OF MOTION

On or about June 5, 2008, a subpoena (the "Subpoena") was served upon Staas & Hasley,

on behalf of Satyam Computer Services, Ltd. ("Satyam"), requesting that responsive documents be

made available for production by July 8, 2008 and that a corporate representative appear for a

related deposition on September 3, 2008.  On June 19, 2008, Movants filed a Motion to Quash, or in

the Alternative, Modify Subpoena and Request for Protective Order ("Motion to Quash").  In the

Motion to Quash, Movants requested that the Court quash the Subpoena in accordance with Federal

Rule of Civil Procedure 45.

On July 9, 2008, Satyam, Upaid and Staas & Hasley reached an agreement whereby Satyam agreed to suspend enforcement of the Subpoena. *See* Exhibit A. In accordance with that agreement, the parties filed a Joint Motion for Entry of Agreed Protective Order in the underlying litigation on July 17, 2008. *See* Exhibit B. Accordingly, the Motion to Quash is now moot and Movants hereby provide notice to the Court and all parties that it is withdrawing the Motion to Quash without prejudice.

As Satyam has reserved the right to enforce the Subpoena at a later date, Movants hereby reserve their right to refile this Motion to Quash in the event it becomes necessary.

Dated: July 18, 2008.

Respectfully submitted,

PATTON BOGGS LLP

*/s/ Jennifer L. Keefe*
D. Patrick Long
State Bar No. 12155500
plong@pattonboggs.com
Joseph M. Cox
State Bar No. 04950200
jcox@pattonboggs.com
Jennifer L. Keefe
State Bar No. 90001247
jkeefe@pattonboggs.com
Nicola M. Shiels
State Bar No. 24037489
nshiels@pattonboggs.com
PATTON BOGGS LLP
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
(214) 758-1500 (telephone)
(214) 758-1550 (facsimile)

Guy N. Harrison
State Bar No. 00000077
217 N. Center Street
Longview, Texas 75601
(903) 758-7361 (telephone)
(903) 753-9557 (facsimile)

ATTORNEYS FOR PLAINTIFF
UPAID SYSTEMS, LTD. AND
STAAS & HALSEY, LLP

OF COUNSEL:
John J. Feldhaus
Andrew E. Rawlins
Foley & Lardner LLP
Suite 500
Washington Harbour
3000 K Street, N.W.
Washington, DC 20007-5109
(202) 672-5300 (telephone)
(202) 672-5399 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via electronic mail and/or facsimile on July 18, 2008.

   /s/  *Jennifer L. Keefe*   
Jennifer L. Keefe

# EXHIBIT A

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

_____ Attorneys at Law

**GARRETH A. SAROSI**
214.969.2737/fax: 214.969.4343
gsarosi@akingump.com

July 9, 2008

## VIA E-MAIL AND REGULAR MAIL

Jennifer L. Keefe
Patton Boggs
2001 Ross Avenue
Suite 3000
Dallas, Texas 75201

   Re:  Cause No. 2:07-CV-114CE *Upaid Systems, Ltd. v. Satyam Computer Services, Ltd.*, in the United States District Court for the Eastern District of Texas, Marshall Division

Dear Jennifer:

  We write in response to your e-mail to my attention of today, July 9, 2008, and further regarding Satyam's subpoenas served on Patton Boggs, Foley & Lardner, and Staas & Halsey.

  Satyam hereby suspends enforcement of the subpoenas served on Patton Boggs, Foley & Lardner, and Staas & Halsey effective immediately. In agreement with your e-mail, Satyam also believe this moots Upaid's pending Motions to Quash regarding the subpoenas served on Patton Boggs, Foley & Lardner, and Staas & Halsey. However, we still believe Upaid will need to withdraw its pending Motions to Quash regarding the subpoenas served on Patton Boggs, Foley & Lardner, and Staas & Halsey in the respective courts, and without prejudice to renew them in the event Satyam later seeks to enforce the subpoenas. In accordance with our agreement, Satyam suspends the enforcement of its subpoenas served on Patton Boggs, Foley & Lardner, and Staas & Halsey without prejudice and reserves all rights to enforce these subpoenas at a later date, if necessary.

  Regarding Upaid's request relating to review of documents produced in response to the subpoenas served on Qualcomm, Verizon, and Coudert Brothers, Satyam believes that such an arrangement is unnecessary and inappropriate. Accordingly, Upaid's proposal to review production from Qualcomm, Verizon, and Coudert Brothers prior to Satyam receiving such production is hereby denied.

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

_____ Attorneys at Law

Jennifer L. Keefe
July 9, 2008
Page 2


Please let me know if you have any questions or comments.

Sincerely,

Garreth A. Sarosi


cc:     Andrew Rossman
        Sanford E. Warren, Jr.
        Edward Fernandes
        E. Glenn Thames
        Melissa Smith

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UPAID SYSTEMS, LTD., <br> a British Virgin Islands corporation | § <br> § <br> § | Case No. 2-07CV-114-CE |
| Plaintiff, | § <br> § | |
| v. | § <br> § | |
| SATYAM COMPUTER SERVICES, LTD., <br> an Indian corporation, and <br> RAGHURAM GOVINDACHARYULA, | § <br> § <br> § <br> § | JURY TRIAL DEMANDED |
| Defendants. | § <br> § | |

### JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

The parties have agreed and jointly request that the Court enter the parties' proposed

Agreed Protective Order, a copy of which is attached.

Dated:  July 17, 2008                    Respectfully submitted,

*/s/ E. Glenn Thames, Jr.*                 */s/ E. Glenn Thames, Jr.*
*(for Jennifer L. Keefe, with permission)*   Sanford E. Warren, Jr., *Lead Attorney*
D. Patrick Long                          State Bar No. 20888690
State Bar No. 12155500                    Garreth A. Sarosi
plong@pattonboggs.com                     State Bar No. 24039373
Joseph M. Cox                            **AKIN GUMP STRAUSS HAUER & FELD LLP**
State Bar No. 04950200                    1700 Pacific Avenue, Suite 4100
jcox@pattonboggs.com                      Dallas, Texas 75201
Jennifer L. Keefe                        (214) 969-2800 (telephone)
State Bar No. 90001247                    (214) 969-4343 (facsimile)
jkeefe@pattonboggs.com
Nicola M. Shiels                         Andrew J. Rossman (*pro hac vice*)
State Bar No. 24037489                    **AKIN GUMP STRAUSS HAUER & FELD LLP**
nshiels@pattonboggs.com                   590 Madison Avenue
PATTON BOGGS LLP                         New York, New York 10022
2001 Ross Avenue, Suite 3000              (212) 872-1081 (telephone)
Dallas, Texas 75201                       (212) 872-1002 (facsimile)
(214) 758-1500 (telephone)
(214) 758-1550 (facsimile)

Guy N. Harrison
State Bar No. 00000077
217 N. Center Street
Longview, Texas 75601
(903) 758-7361 (telephone)
(903) 753-9557 (facsimile)

**ATTORNEYS FOR PLAINTIFF
UPAID SYSTEMS, LTD.**

Edward F. Fernandes
State Bar No. 06932700
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 West 6th Street, Suite 2100
Austin, Texas 78701
(512) 499-6200 (telephone)
(512) 499-6290 (facsimile)

Melissa Richards Smith
**GILLAM SMITH, L.L.P.**
303 S. Washington Avenue
Marshall, Texas 75670
(903) 934-8450 (telephone)
(903) 934-9257 (facsimile)

E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON, PC**
A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:   (903) 593-0846

**ATTORNEYS FOR DEFENDANT
SATYAM COMPUTER SERVICES, LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 17, 2008.

/s/ E. Glenn Thames, Jr.
E. Glenn Thames, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **UPAID SYSTEMS, LTD.,**<br>**a British Virgin Islands corporation** | §<br>§<br>§ | **Case No. 2-07-CV-114-CE** |
| **Plaintiff,** | § | |
| v. | §<br>§ | |
| **SATYAM COMPUTER SERVICES, LTD.,**<br>**an Indian corporation, and**<br>**RAGHURAM GOVINDACHARYULA,** | §<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

### AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to FED. R. CIV. P. 26(c), it is hereby ORDERED THAT:

### INFORMATION SUBJECT TO THIS ORDER

1.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential technical, sales, marketing, financial, or other commercial information, or other sensitive materials, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.

1

Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter, and may not be disclosed publicly or to third parties except as expressly provided herein.

2.    A producing party may designate any document or tangible thing containing or including any CONFIDENTIAL INFORMATION as such by marking it as "CONFIDENTIAL" prior to or at the time the producing party furnishes copies to the receiving party.

3.    All transcripts of depositions and all audio and video recordings of depositions shall be designated "CONFIDENTIAL".    Portions of transcripts of depositions and the corresponding portions of any audio or video recordings, including those produced in the action in the Eastern District of Texas captioned *Upaid Systems, Ltd.* v. *Qualcomm Inc., and Cellco Partnership d/b/a Verizon Wireless*, C.A. No. 2-05CV-346 (the "Qualcomm Action") may also be designated "ATTORNEYS' EYES ONLY" pursuant to paragraph 11 herein by an appropriate statement at the time such testimony is given or thereafter by notifying the other parties in writing of the portions of such testimony to be so designated within ten (10) days after receipt of the unsigned transcript.    Upon such request, the reporter shall mark the original and all copies of the transcript ATTORNEYS' EYES ONLY.

4.    All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

5.    [Intentionally omitted]

6.    Subject to paragraph 7 below, the following information is not CONFIDENTIAL INFORMATION:

(a)    any information which a party can demonstrate, by means of documents, is in the public domain at the time of disclosure to a receiving party;

(b)     any information which, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not through a violation of this Order or other breach of an obligation of confidentiality to the producing party;

(c)     any information that the receiving party can show, by means of documents, was already known to it prior to the disclosure, and came to be known legally and not in violation of any court or confidentiality order;

(d)     any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the producing party; and

(e)     any information that the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL INFORMATION, and was not developed illegally or through a violation of this Order or other breach of an obligation of confidentiality to the producing party;

7.     Notwithstanding paragraph 6, a party producing information that falls within the scope of subparagraphs 6(a)-(d) may designate its production as "CONFIDENTIAL" where such information is part of a compilation that is not in the public domain.

8.     Documents produced in this action by the defendants in the Qualcomm Action (the "Qualcomm Defendants") are produced subject to the terms and conditions of the Interim Protective Order executed by the Court in that Action, and under the same confidentiality designation as applied to each individual document in that Action. The Interim Protective Order executed in the Qualcomm Action applies only to documents that originate with the Qualcomm Defendants, and not to documents originally in the possession of any other parties. The parties in this action may, in good faith, request of the Qualcomm Defendants that they produce particular documents pursuant to the instant Protective Order, or may request that the Qualcomm

Defendants change the designation of documents produced in the Qualcomm Action under the

CONFIDENTIAL or ATTORNEYS' EYES ONLY designations. The Qualcomm Defendants

may not unreasonably withhold consent to such requests. The requesting party may seek relief

from the Court if such request is denied.

## NO WAIVER OF PRIVILEGE

9.      Inspection or production of documents (including physical objects) shall not

constitute a waiver of the attorney-client privilege or work product immunity or any other

applicable privilege if, within seven (7) business days after the producing party becomes aware

of any inadvertent or unintentional disclosure, the producing party designates in writing to the

receiving party any such documents as within the attorney-client privilege or work product

immunity or any other applicable privilege, explaining the bases therefor, and requests return of

such documents to the producing party. Upon request by the producing party, the receiving party

immediately shall return all copies of such inadvertently produced document(s) or destroy the

same. The receiving party may record information about the document sufficient to identify the

document on the producing party's privilege log.

## DISCOVERY RULES REMAIN UNCHANGED

10.     Nothing herein shall alter or change in any way the discovery provisions of the

Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective

Order does not make that individual available for deposition or any other form of discovery

outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local

Rules for the United States District Court for the Eastern District of Texas, and the deadlines set

forth in the Court's Docket Control Orders and Discovery Orders.

### INFORMATION DESIGNATED "ATTORNEYS' EYES ONLY"

11.    A party or third party may designate as "ATTORNEYS' EYES ONLY" only non-public proprietary technical data considered in good faith by the party currently to be commercially sensitive competitive information or a trade secret, including but not limited to: technical information, including schematic diagrams, technical reference manuals, operator manuals, technical specifications, source code listings (including Hardware Descriptive Language for integrated circuits), object code, and documentation relating to any such source code or object code; and information relating to future products not yet commercially released, the disclosure of which is demonstrably likely to cause harm to the competitive position of the producing party. A party or third party may also designate documents previously filed under court seal as ATTORNEYS' EYES ONLY.

### PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL AND ATTORNEY'S EYES ONLY INFORMATION

12.    Plaintiff Upaid Systems, Inc. and Defendant Satyam Computer Services, Inc. and their employees, officers, and directors shall have access to the producing party's information designated CONFIDENTIAL. Each of the parties listed in paragraphs 12–17 shall have access to information designated CONFIDENTIAL or ATTORNEY'S EYES ONLY, pursuant to the requirements indicated in those paragraphs.

13.    Counsel for a receiving party shall have access to the producing party's information designated CONFIDENTIAL or ATTORNEY'S EYES ONLY. The term "Counsel" shall mean attorneys for the parties working on this litigation and support personnel employed by Counsel, including but not limited to paralegals, legal secretaries, legal clerks, litigation support and information technology personnel, shorthand reporters, and translators.

14. All in-house counsel may have access to CONFIDENTIAL materials and information, and up to three (3) in-house counsel may have access to ATTORNEY'S EYES ONLY information, provided each in-house counsel with access to such information executes the form attached hereto as Attachment A.

15. Each of the following third parties and their personnel shall have access to CONFIDENTIAL or ATTORNEY'S EYES ONLY materials and information provided each individual with such access first executes the form attached hereto as Exhibit A: Technical Advisors (pursuant to paragraphs 18–19 below); independent translators retained to translate in connection with this action; independent shorthand reporters retained to record and transcribe testimony in connection with this action; graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; personnel engaged in the coding, imaging, hosting, or other management of documents produced in discovery in this litigation; and non-technical jury or trial consulting services, including mock jurors, retained by counsel. The executed form shall be retained by counsel for the receiving party but need not be disclosed to the producing party.

16. The Court and its officers (apart from attorneys unless specifically designated herein) and court stenographers whose function requires them to have access to information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY may have such access.

17. Counsel and in-house counsel have the right to advise their clients relying upon their review of ATTORNEYS' EYES ONLY information, provided, however, that in rendering such advice and in otherwise communicating with the party-client, counsel shall not disclose any ATTORNEYS' EYES ONLY information nor the source of any ATTORNEYS' EYES ONLY

information to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Order

## TECHNICAL ADVISORS

18.    Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to Technical Advisors. The term "Technical Advisor," as used throughout this Order, shall mean an expressly retained outside expert witness or consultant or a designated party employee or designated party employees with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof. This paragraph does not prevent a party employee from receiving CONFIDENTIAL INFORMATION pursuant to Paragraph 12.

19.    Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a Technical Advisors, the receiving party shall first obtain from such Advisors an executed agreement to be bound by the terms of this Protective Order in the form attached hereto as Attachment A. Such written agreement shall be retained by counsel for the receiving party, but need not be disclosed to the producing party.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

20.    The parties shall use reasonable care when designating documents or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the

CONFIDENTIAL or ATTORNEYS' EYES ONLY designation with respect to any document or information contained therein.

21.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

22.     Information designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed publicly or to any person who is not entitled to receive such information as herein provided. All produced information designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

23.     Except as may be otherwise ordered by the Court, a receiving party may show to a witness at depositions and trial and may testify concerning all information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)   A receiving party may show a present director, officer, and/or employee of a producing party all information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY which has been produced by that party;

(b)   A receiving party may show a former director, officer, agent and/or employee of a producing party all information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY of which he or she has prior knowledge, including any information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c)   Non-parties may be examined or testify concerning any document containing information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.

24.   All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or which contain information so designated, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL INFORMATION - UNDER PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

25.     Except as provided in paragraph 11 herein, nothing in this Order shall prohibit the transmission or communication of information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY between or among qualified recipients

    (a)     by hand-delivery;

    (b)     in sealed envelopes or containers via mail or an established freight, delivery or messenger service; or

    (c)     by telephone, facsimile, e-mail or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

26.     Information designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may be copied or reproduced only by a qualified receiving party and solely for the purposes of transmission to other qualified parties, or the making of working copies, abstracts, digests and analyses of information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Order. Further, except as provided in paragraph 11, nothing herein shall restrict a qualified recipient from converting or translating information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, in whatever form stored or reproduced, shall be limited to qualified recipients.

## NONPARTY USE OF THIS PROTECTIVE ORDER

27.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order.

28.    A nonparty's use of this Protective Order to protect its information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY does not entitle that nonparty to access information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY produced by any party in this case.

## KEY SOFTWARE PROVISION

29.    The parties recognize that, in certain instances, software can be highly valuable and must be maintained in confidence. Such software and in particular readable software in the form of source code and assembly code (hereinafter collectively referred to as "source code") is referred to herein as "Key Software."

> (a)    Key Software shall be designated ATTORNEYS' EYES ONLY, may be produced in printed form only on certified, watermarked copies (except as set out in Paragraph 27(e) herein), and marked as "ATTORNEYS' EYES ONLY – SOURCECODE." Key Software produced in printed form under this Paragraph **shall not be copied or electronically scanned**.
>
> (b)    Access to printed versions of Key Software may be provided to those persons permitted to access material marked "ATTORNEYS' EYES ONLY – SOURCE CODE," but only by certified controlled copies.
>
> (c)    To the extent that either party wishes to obtain access to Key Software in electronic format, the following procedures shall apply. A single electronic copy of source code or executable code shall be made available for inspection on a stand-alone computer, which shall be password protected and supplied by the source code provider. The stand-alone computer shall be located with an independent escrow agent, with the

11

costs of such to be paid by the producing party. The producing party shall select the independent escrow agent such that the requesting party has reasonable access. If the requesting party does not agree on the producing party's selection of an agent, each party shall submit to the court the name and qualifications of their proposed agents, including the costs associated with those agents, for the court to choose and apportion costs between the parties accordingly. Access to the stand-alone computer shall be permitted only to those persons listed in Paragraphs 11 and 12 of this Order. Source code may be printed from the standalone computer only on watermarked paper supplied by the source code provider, and is subject to the restrictions set out in Paragraphs 27(a) through 27(c).

## MISCELLANEOUS PROVISIONS

30.    If a party to this case has a third party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information in its possession, and (a) this information would be subject to disclosure in this case, and (b) a duty of confidentiality prevents such information from being disclosed, then the party possessing this information shall notify the third party and allow the third party an opportunity to file a motion for a protective order seeking to prohibit disclosure of the information, within seven (7) days from the date of such notice. If the third party does not file a motion for a protective order within such time period, the party in possession of the third party's CONFIDENTIAL or ATTORNEY' EYES ONLY information shall promptly produce such information with an appropriate confidentiality designation. If the third party does file a motion for a protective order within such time period, the party opposing such motion may seek leave of court for access to the third party's CONFIDENTIAL or ATTORNEY' EYES ONLY information pending the Court's ruling on the motion if such access is deemed necessary to oppose the motion.

31.    Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

32.    Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY which were received from the producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, or if possible, the portion of any such object or document containing CONFIDENTIAL or ATTORNEY'S EYES ONLY MATERIAL, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY; provided, that all information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY, not embodied in physical objects and documents, shall remain subject to this Order. Notwithstanding the foregoing, outside counsel shall be entitled to maintain a copy of all pleadings, motions, trial briefs, other documents filed with any Court, mediation statements (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial.

33.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

13

34.     The United States District Court for the Eastern District of Texas, Marshall Division, is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Marshall Division.

35.     This Protective Order shall remain in full force and effect after the termination of this litigation or until cancelled or otherwise modified by order of this Court.

AGREED:

/s/ E. Glenn Thames, Jr.
*(for Jennifer L. Keefe, with permission)*
D. Patrick Long
State Bar No. 12155500
plong@pattonboggs.com
Joseph M. Cox
State Bar No. 04950200
jcox@pattonboggs.com
Jennifer L. Keefe
State Bar No. 90001247
jkeefe@pattonboggs.com
Nicola M. Shiels
State Bar No. 24037489
nshiels@pattonboggs.com
PATTON BOGGS LLP
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
(214) 758-1500 (telephone)
(214) 758-1550 (facsimile)

/s/ E. Glenn Thames, Jr.
Sanford E. Warren, Jr., *Lead Attorney*
State Bar No. 20888690
Garreth A. Sarosi
State Bar No. 24039373
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (telephone)
(214) 969-4343 (facsimile)

Andrew J. Rossman (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
590 Madison Avenue
New York, New York 10022
(212) 872-1081 (telephone)
(212) 872-1002 (facsimile)

Guy N. Harrison
State Bar No. 00000077
217 N. Center Street
Longview, Texas 75601
(903) 758-7361 (telephone)
(903) 753-9557 (facsimile)

**ATTORNEYS FOR PLAINTIFF
UPAID SYSTEMS, LTD.**

Edward F. Fernandes
State Bar No. 06932700
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 West 6th Street, Suite 2100
Austin, Texas 78701
(512) 499-6200 (telephone)
(512) 499-6290 (facsimile)

Melissa Richards Smith
**GILLAM SMITH, L.L.P.**
303 S. Washington Avenue
Marshall, Texas 75670
(903) 934-8450 (telephone)
(903) 934-9257 (facsimile)

E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON, PC**
A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

**ATTORNEYS FOR DEFENDANT
SATYAM COMPUTER SERVICES, LTD.**

## **ATTACHMENT A**

### **CONFIDENTIALITY AGREEMENT**

I, _____, state:

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have read the Protective Order dated _____, 2008, and have

been    engaged    as    _____    on    behalf    of

_____ in the preparation and conduct of litigation styled

*Upaid Systems, Ltd. v. Satyam Computer Servs.,Ltd., et al.*, C.A. No. 2:07-CV-114 CE, pending

in the United States District Court for the Eastern District of Texas, Marshall Division.

5.    I am fully familiar with and agree to comply with and be bound by the provisions of said

Order.  I understand that I am to retain all copies of any documents designated CONFIDENTIAL

or ATTORNEYS' EYES ONLY in a secure manner, and that all copies are to remain in my

personal custody until I have completed my assigned duties, whereupon the copies and any

writings prepared by me containing any information designated CONFIDENTIAL or

ATTORNEYS' EYES ONLY are to be returned to counsel who provided me with such material.

6.    I will not divulge to persons other than those specifically authorized by said Order, and

will not copy or use except solely for the purpose of this action, any information obtained

pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic

or clerical personnel who are required to assist me of the terms of said Order.

7.    I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

16

Executed on _____, 200\_\_.

_____